# John J. Ellsworth et al., Plaintiffs in Error, v. Frank O. Butler, Defendant in Error.

## Gen. No. 16,253

APPEALS AND ERRORS—*when finding by court not disturbed.* A finding by the court is given the same effect as the verdict of a jury and will not be set aside as against the evidence unless clearly and manifestly so.

Error to the Municipal Court of Chicago; the HON. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed April 24, 1912.

PATTISON & SHAW, for plaintiffs in error.

ASA I. REYNOLDS, for defendant in error; WILLIAM ELMORE FOSTER, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

Plaintiffs in error are in the commission business at the Union Stock Yards in Chicago. Defendant in error owns and operates a farm at Hinsdale, near Chicago. On April 1, 1909, a transaction was had between the parties resulting in the shipment of a pair of mares from the stock yards to the defendant in error at Hinsdale. When the horses reached Hinsdale one of them was sick and about two weeks later it died. The other horse was returned by defendant in error to plaintiffs in error at the Stock Yards, but they refused to accept it and turned it over to the Stock Yards Company to take care of. Plaintiffs in error claim that they purchased the team for defendant in error from one Cozzins, and paid $600 of their own money therefor. This suit was begun in the Municipal Court to recover the money so paid. The case was tried by the

court without a jury and resulted in a finding and judgment for the defendant.

There are no controverted questions of law presented for determination, but plaintiffs in error insist that the manifest weight of the evidence shows that the transaction was an unconditional sale of the horses to defendant in error and defendant in error insists it was a sale on approval after the horses had been tried and inspected by him and found satisfactory. Plaintiffs in error concede that if the transaction was a sale on approval they cannot recover. The determination of controverted questions of fact by a trial court hearing a case without a jury is entitled to the same weight in appellate tribunals as the determination of such questions by a jury, and will only be disturbed when the court can say the finding is manifestly contrary to the weight of the evidence.

No good purpose would be subserved by a lengthy discussion of the evidence in this case. It was conflicting. If the evidence introduced by defendant in error is to be believed, it was sufficient to warrant the finding made. The judge who tried the case heard all the evidence, and saw the witnesses and observed their demeanor while on the stand, evidently believed the evidence introduced by defendant in error, for after weighing it and passing upon the credibility of the witnesses, he found the issues for the defendant in error, and we are not prepared to say the evidence did not warrant the finding.

The judgment of the court below is, therefore, affirmed.

*Judgment affirmed.*